UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILLIP P COMBS; JAMIE COMBS, <br><br> Plaintiff, <br><br> v. <br><br> NATIONWIDE INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | Case No. 3:22-cv-05684-TMC <br><br> ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE |

Before the Court is Defendant Nationwide Insurance Company of America's ("Nationwide's") motion to exclude evidence. Dkt. 15. For the reasons explained below, the Court DENIES Nationwide's motion.

## I.   BACKGROUND

In July 2020, a storm damaged the roof of a home in Lakewood, Washington owned by Plaintiffs Phillip and Jamie Combs.[1] Dkt. 1-2 at 2. The Combses submitted a claim under a homeowners' insurance policy issued by Nationwide. *Id.* They filed this case in Pierce County Superior Court in August 2022, alleging Nationwide breached the insurance policy and acted in

---

[1] To avoid confusion, where necessary the Court will refer to Phillip and Jamie Combs by their first names.

ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE - 1

bad faith while processing their claim. Dkt. 1-2 at 3–10. Nationwide removed the case to this Court based on diversity jurisdiction. Dkt. 1 at 2; 28 U.S.C. §§ 1332(a), 1441.

On November 14, 2022, the Combses served Nationwide with their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A). The "computation of damages" section listed only categories of damages, rather than amounts, but said the Combses would supplement. Dkt. 16-1 at 3. The description of two categories (fire loss and rental income) later proved to be incorrect. A few weeks later, on December 6, 2022, the Combses supplemented their disclosures, removing the incorrect categories and writing: "Thus far . . . compensatory damages in the amount of $119,100.00 are known." Dkt. 16-3. The disclosure referenced two repair estimates from Sam's Roofing with amounts of $98,000 and $21,100 (which add up to the compensatory damages estimate of $119,100). *Id.* On February 1, 2023 the Combses provided interrogatory answers describing temporary repairs they had performed to the house, including that "last summer, Plaintiff hired a roofer to replace portions of the damaged roof . . . ." Dkt. 16-4 at 3. They produced a quote from Wilderness Roofing & Exteriors, LLC that showed a total amount of $77,330.00 and was signed with Phillip's initials, "PC." *Id.* at 5; Dkt. 18-1.

In Jamie's deposition on July 18, 2023, she testified she could not recall the "exact number" for replacing the roof but "want[ed] to say $75,000." Dkt. 16-6 at 4. Jamie testified that she and her husband would provide any invoices they had for the repair. *Id.* at 5. Jamie and Phillip both confirmed that two categories of damages listed in the November 2022 initial disclosures, fire loss and rental income, were incorrect. *Id.* at 7; 16-7 at 4. In Phillip's deposition on July 20, 2023, when questioned about the quote from Wilderness Roofing and whether there had been a final invoice, Phillip testified: "I don't know that we've even received an invoice. I think we may have paid off from the quote, but if – I'll – I'll look back, and if we have it, I'll provide it." Dkt. 16-7 at 9.

ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE - 2

At no point did Nationwide file a motion to compel. Instead, on August 8, 2023, with over a month remaining in discovery, Nationwide filed this motion seeking to prohibit the Combses from producing any further evidence to support their damages computation as a discovery sanction under Federal Rule of Civil Procedure 37. Dkt. 15.

The discovery cutoff when Nationwide filed its motion was September 15, 2023. At both parties' request, the Court later extended the cutoff to September 29, 2023. Dkts. 24, 25. The Court also allowed the parties to schedule an additional deposition for after the discovery cutoff. Dkt. 27.

## II.  DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires a party to provide "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying ... the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). The rule does not clarify the level of specificity required in the computation of damages. According to the advisory committee notes, the purpose of the rule is to "'accelerate the exchange of basic information' that is 'needed in most cases to prepare for trial or make an informed decision about settlement.'" *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (quoting Fed. R. Civ. P. 26(a) advisory committee's note (1993)). "[E]arly disclosure also functions to assist the parties in focusing and prioritizing their organization of discovery." *Id.* "Given these purposes, the plaintiff should provide more than a lump sum statement of the damages allegedly sustained." *Id.* The computation of damages "contemplates

some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate." *Id.* (citing cases).

Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Under Rule 37, exclusion of evidence not disclosed is appropriate unless the failure to disclose was substantially justified or harmless." *Hoffman v. Construction Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

**B.     The Combses' supplemental disclosures complied with Rule 26 and any delay was harmless.**

The Court agrees with Nationwide that the Combses' November 2022 initial disclosures—which provided only categories of damages, with no amount or method of computation, two of which were in error—did not comply with Rule 26. But within a few weeks, the Combses supplemented their disclosures, withdrew the incorrect categories, estimated compensatory damages of $119,100.00, and referenced two simple one-page repair estimates adding up to that amount. Dkt. 16-3; *compare Weinstein & Riley, PS v. Westport Ins. Co.*, No. C-08-1694-JLR, 2009 WL 10676389, at *2 (W.D. Wash. Nov. 4, 2009) (finding party failed to comply with Rule 26 where it simply referenced the entire voluminous litigation file). A few months later, the Combses provided another quote from the roofer whom they had paid out of pocket, Dkt. 18-1, and in their depositions, they testified that the amount they paid was consistent with that quote and pledged to produce any additional documentation they could find, Dkt. 16-6, 16-7. When Nationwide filed this motion, over a month remained in discovery, which was later extended.

Nationwide's arguments—that the Combses "have failed to provide evidence in support of their claim for damages" and "provided no additional documentary evidence" in support of their supplemented disclosures, Dkt. 15 at 1, 3—thus overstate the record. Nationwide's reply brief is more accurate when it contends that because the Wilderness Roofing repairs were done in August 2022, the Combses should have produced that quote with their November or December 2022 initial disclosures, rather than their February 2023 discovery responses. Dkt. 20 at 4. But the Court finds this delay of 2–3 months was harmless, given that in February 2023 over six months of discovery remained.

In the context of a simple insurance dispute over the repair or replacement of a roof, the roofing estimates supplied by the Combses with their December 2022 disclosures were sufficient to comply with Rule 26's purpose of providing "basic information" and "some analysis" about their computation of damages. *See Tutor-Saliba Corp.*, 218 F.R.D. at 221. Those estimates and the quote produced in February 2023 were also sufficient to assist Nationwide "in focusing and prioritizing [its] organization of discovery." *Id.* The Combses' delay in producing the additional quote related to out-of-pocket repairs does not warrant the preemptive exclusion of any additional evidence related to damages disclosed in the final months of discovery. *See Weinstein & Riley, PS*, 2009 WL 10676389, at *2 (finding incomplete disclosure harmless with months remaining in discovery and noting that exclusionary sanctions are usually reserved for when "the plaintiffs failed to disclose damages until the eve of trial") (citing cases).

C.   **The Court declines Nationwide's request for supplemental briefing.**

On October 5, 2023, Nationwide filed a praecipe seeking to submit supplemental briefing and exhibits in support of this motion. Dkt. 28. In that briefing, Nationwide requests the Court exclude any evidence regarding repair estimates provided by the Combses in the final month of discovery. Dkt. 28-1. This request is not fairly encompassed by the present motion, because

Nationwide has not demonstrated the new information *could* have been provided with initial disclosures earlier in the case. To the contrary, at least one of the new estimates disclosed on September 12, 2023 is dated September 5, 2023—one week before the supplemental disclosure. Dkt. 28-2 at 8. If Nationwide needs more time to address new facts that have developed near the end of discovery, Nationwide can seek an extension. Nationwide also remains free to argue in dispositive motions or at trial about the sufficiency of evidence in support of the Combses' damages claims, or to file motions *in limine* prior to trial if it seeks to exclude certain pieces of evidence it contends were untimely. But because the arguments made in its supplemental brief do not go to a violation of initial disclosures, the Court declines to consider them.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES Nationwide's motion to exclude (Dkt. 15). The Court also DENIES the request to strike contained in Nationwide's reply brief and DENIES Nationwide's request (Dkt. 28) for supplemental briefing to exclude additional evidence.

Consistent with the undersigned's typical case management procedures, if additional discovery disputes arise in this case, the Court directs the parties to file a joint summary of the dispute that is no more than three pages and then contact the courtroom deputy to schedule a telephone conference with the Court. *See* Fed. R. Civ. P. 16(b)(3)(B)(v).

Dated this 5th day of October, 2023.

Tiffany M. Cartwright
United States District Court Judge